UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARC A. DAIL | * | CIVIL ACTION NO. _____ |
| | * | |
| | * | JUDGE _____ |
| VS. | * | |
| | * | MAGISTRATE _____ |
| | * | |
| CROSBY TUGS, L.L.C., CROSBY ENTERPRISES, L.L.C., and TALA MARINE, L.L.C. | * * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### **COMPLAINT FOR DAMAGES UNDER THE JONES ACT, ETC.**

NOW INTO COURT, through undersigned counsel comes Plaintiff, MARC A. DAIL, who files his Complaint against Defendants, CROSBY TUGS, L.L.C., CROSBY ENTERPRISES, L.L.C., and TALA MARINE, L.L.C. and, in support thereof, would show unto the Court the following:

### **PARTIES**

1.

Named Plaintiff herein is MARC A. DAIL, a person of majority age, and residing in Lafayette Parish, Louisiana.

2.

First Named Defendant herein is CROSBY TUGS, L.L.C., a domestic limited liability company authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court.

3.

1

Second Named Defendant herein is CROSBY ENTERPRISES, L.L.C., a domestic limited liability company authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court.

4.

Third Named Defendant herein is TALA MARINE, L.L.C., a domestic limited liability company authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court.

## JURISDICTION AND VENUE

5.

This Honorable Court has jurisdiction over this matter pursuant to the Jones Act, 46 U.S.C. §30104 et seq., and the General Maritime Law of the United States. Venue is proper in accordance with 28 U.S.C. § 1391 (b)(1).

## FACTS

6.

Plaintiff, MARC A. DAIL is an American seaman protected by the Jones Act, 46 U.S.C. §30104 et seq.

7.

Plaintiff, MARC A. DAIL, would show that this lawsuit has become necessary as a result of occupational injuries he sustained on or about February 12, 2022. On or about February 12, 2022, employees and/or agents of Defendants, CROSBY TUGS, L.L.C., CROSBY ENTERPRISES, L.L.C., and/or TALA MARINE, L.L.C., negligently caused Plaintiff to sustain injuries in the course and scope of his employment as an engineer and deckhand aboard the M/V RODNEY E. SETTOON.

8.

On or about February 12, 2022, Plaintiff, MARC A. DAIL, was employed by Defendant, TALA MARINE, L.L.C., as a seaman and member of the crew of the M/V RODNEY E. SETTOON, a towing vessel.

9.

At all relevant times the M/V RODNEY E. SETTOON was owned by Defendants, CROSBY TUGS, L.L.C., CROSBY ENTERPRISES, L.L.C., and/or TALA MARINE, L.L.C., and said vessel was further manned, provisioned, operated, and/or controlled by Defendants, CROSBY TUGS, L.L.C., CROSBY ENTERPRISES, L.L.C., and/or TALA MARINE, L.L.C. At all relevant times, the M/V RODNEY E. SETTOON was a vessel in navigable waters of the Avoca Island Cutoff.

10.

In connection with his assignment aboard the M/V RODNEY E. SETTOON, Plaintiff, MARC A. DAIL, sustained serious and debilitating injuries to his left foot, knee, and left leg among other parts of his body.  In the morning on or about February 12, 2022, Plaintiff, MARC A. DAIL, was assisting with dropping off an empty barge and picking up a loaded barge at the MI Amelia Fleet in Amelia, Louisiana.  In the process of swapping out the barges, Plaintiff, MARC A. DAIL, was working at the head of the empty barge, which was considerably higher out of the water due to its light draft, when the captain of the M/V RODNEY E. SETTOON instructed him to hurry up and find a spot to jump down to the loaded barge.  There was no adequate ladder available for Plaintiff to use. Plaintiff, MARC A. DAIL sat down on the edge of the empty barge and used a cavel to try to push himself over as he leapt down onto the loaded barge with approximately a 6-foot height difference. Plaintiff, MARC A. DAIL, forcefully

3

landed on the steel deck of the loaded barge. However, he was not able to recover due to injuring his left foot and leg upon impact and fell back down.

11.

To the extent that Plaintiff had any pre-existing injuries or medical condition(s) at the time of the occurrence in question, the same was not disabling, and he would respectfully show that such pre-existing condition, if any, was aggravated by the incident made the basis of this suit to such an extent that it became disabling, bringing about the necessity of medical treatment.

**CAUSE OF ACTION FOR NEGLIGENCE UNDER THE JONES ACT**

12.

Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

13.

Plaintiff brings this cause of action against Defendant, TALA MARINE, L.L.C., pursuant to the Jones Act, 46 USC §30104, et seq.

14.

On or about July 29, 2021, Defendant, TALA MARINE, L.L.C., employed Plaintiff as a crewmember aboard the M/V RODNEY E. SETTOON. At all relevant times, it was feasible for said Defendant to provide to Plaintiff, MARC A. DAIL, and said Defendant owed to Plaintiff, duties of care to provide, inter alia, a safe place to work. Plaintiff further contends that on the occasion in question, Defendant, TALA MARINE, L.L.C., acting through its officers, agents, servants and/or employees, was careless and negligent in breach of the duty owed to its employee, Plaintiff, MARC A. DAIL. Defendant, TALA MARINE, L.L.C., was careless and negligent in the following respects:

a. In failing to provide a safe work environment;
b. In ordering Plaintiff to jump down onto the loaded barge;
c. In failing to provide an adequate ladder for transferring between barges;
d. In failing to properly supervise the crewmembers of the vessel;
e. In failing to properly inspect and maintain the vessel, its equipment and gear, in safe, working condition;
f. In operating the vessel in an unsafe and improper manner; and,
g. Other acts of negligence as proven at time of trial.

15.

On or about February 12, 2022, and as a direct and proximate result of the negligent acts of Defendant, TALA MARINE, L.L.C., Plaintiff developed severe and debilitating injuries to his left foot, left knee, and left leg, among other parts of his body. Said occurrence and injuries occurred as a result of the negligence of Defendant, TALA MARINE, L.L.C., its agents, servants, and/or employees, acting in the course and scope of their employment or agency.

**AND SECOND CAUSE OF ACTION FOR UNSEAWORTHINESS**

16.

Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

17.

Plaintiff brings this cause of action against Defendants, CROSBY TUGS, L.L.C., CROSBY ENTERPRISES, L.L.C., and TALA MARINE, L.L.C., as set forth herein pursuant to the General Maritime Law of the United States of America.

18.

On or about February 12, 2022, the M/V RODNEY E. SETTOON was owned, operated, controlled, and/or manned by Defendants, CROSBY TUGS, L.L.C., CROSBY ENTERPRISES, L.L.C., and/or TALA MARINE, L.L.C. At all relevant times, Defendants, CROSBY TUGS,

L.L.C., CROSBY ENTERPRISES, L.L.C., and/or TALA MARINE, L.L.C., owed a duty to furnish a vessel that was seaworthy in all respects and reasonably safe equipment and gear.

19.

On or about February 12, 2022, dangerous and unseaworthy conditions existed aboard the M/V RODNEY E. SETTOON, and Plaintiff, MARC A. DAIL, thus, was caused to sustain severe injuries. Defendants, CROSBY TUGS, L.L.C., CROSBY ENTERPRISES, L.L.C., and TALA MARINE, L.L.C., failed to take reasonable and necessary steps to ensure the safety of the vessel's crew. On or about July 12, 202, the M/V RODNEY E. SETTOON was unseaworthy in the following particulars:

   a. The vessel had an incompetent Master, pilot, and/or crew;
   b. The vessel lacked an adequate ladder to use to transfer between the vessel and barges;
   c. The vessel lacked adequate safety equipment and gear to protect the crew; and,
   d. Other unseaworthy conditions as proven at the time of trial.

20.

Said breaches of duty proximately contributed, in whole or in part, to cause Plaintiff to suffer the hereinafter complained of injuries for which Defendants, CROSBY TUGS, L.L.C., CROSBY ENTERPRISES, L.L.C., and TALA MARINE, L.L.C., are jointly and severally liable to the Plaintiff in damages.

### AND FOR A THIRD CAUSE OF ACTION FOR MAINTENANCE AND CURE

21.

Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

22.

Plaintiff brings this cause of action against Defendant, TALA MARINE, L.L.C., pursuant to

the General Maritime Law of the United States of America.

23.

As an employee and seaman of Defendant, TALA MARINE, L.L.C., Plaintiff, MARC A. DAIL, is entitled under the General Maritime Law to the payment of maintenance and cure until his reaching of maximum medical cure. As of the drafting of this Complaint, Defendant, TALA MARINE, L.L.C., has failed to pay adequate maintenance and cure after being so advised of the needs of Plaintiff.

24.

On or about February 12, 2022, and on other dates thereafter, and ever since, Defendant, TALA MARNE, has wrongfully failed and/or refused to provide maintenance and cure to Plaintiff in breach of duties said Defendant owe to Plaintiff. Plaintiff further alleges that it was, and still is, the duty of Defendant, TALA MARINE, L.L.C, as his employer to furnish him with maintenance and cure and loss of wages.

25.

Plaintiff further alleges that Defendant, TALA MARINE, L.L.C., has unreasonably, arbitrarily, willfully, and capriciously refused to promptly pay full maintenance and cure benefits to him, and such sums were due and owing. As a result of Defendant's unreasonable failure to provide maintenance and cure, Plaintiff is entitled to recovery for damages and expenses incurred, including, but not limited to, damages for prolongation or aggravation of injuries, pain and suffering, and additional expenses.

26.

Plaintiff states that in addition to such maintenance and cure benefits as he is entitled, he has found it necessary to engage attorneys to represent him in the maintenance and cure action

that he is entitled to and brings a suit for the reasonable attorney's fees incurred in the collection of the maintenance and cure benefits due to him. Therefore, for the aforementioned reasons, Plaintiff states that he is entitled to maintenance and cure benefits, compensatory damages and attorney's fees, in a sum in excess of the minimum jurisdictional limits of this Court or for other and further sums as the Court and/or Jury may find reasonable at the time of trial of this cause.

27.

By reason of the foregoing premises and as a legal result thereof, Plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendant, TALA MARINE, L.L.C., is liable to Plaintiff:

a. Maintenance and Cure benefits accrued to date of trial and for a reasonable time in the future, as may be found necessary;
b. Physical and emotional injury, pain and suffering;
c. Prolongation and or aggravation of injuries;
d. Indebtedness for health care expenses;
e. Indebtedness for daily living expenses;
f. Punitive damages for the failure to honor maintenance and cure obligations;
g. Prejudgment interest; and,
h. Plaintiff's reasonable attorneys' fees.

All said injuries and damages in an extent, not now precisely known in excess of $250,000.00.

## **DAMAGES**

28.

As a direct and proximate result of the occurrence alleged, Plaintiff sustained severe and painful injuries to his body and mind, and shock and injury to his nervous system and person, all of which injuries have caused and continue to cause great physical and emotional pain and suffering. In connection therewith, Plaintiff would show that he has sustained severe pain, physical impairment, discomfort, mental anguish, and distress to date. Plaintiff is informed and believes and

alleges that, in all reasonable probability, some or all of said injuries will result in permanent damage, disability, and pain and suffering, causing general damages in an amount to be determined at trial. Moreover, Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Furthermore, he has incurred and will incur pharmaceutical and medical expenses in connection with said injuries.  By reason of the foregoing, Plaintiff would show that he has been damaged in a sum, to be determined at trial, far in excess of the minimum jurisdictional limits of this Honorable Court, for which amount he comes now and sues.

29.

By reason of the foregoing premises and as a legal result thereof, Plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendants, CROSBY TUGS, L.L.C., CROSBY ENTERPRISES, L.L.C., and TALA MARINE, L.L.C., are jointly and severally liable to Plaintiff:

a. Reasonable and necessary medical expenses in the past and in the future;
b. Physical pain and suffering in the past and in the future;
c. Mental anguish in the past and in the future;
d. Loss of earning capacity in the past and in the future;
e. Physical disfigurement in the past and in the future;
f. Physical impairment in the past and in the future;
g. All damages referred to elsewhere in this Complaint;
h. All damages allowed under law; and,
i. Any other relief to which Plaintiff is entitled under law or equity.

All said injuries and damages in an extent, not now precisely known, in excess of $1,000,000.00.

## **JURY DEMAND**

30.

Plaintiff hereby requests a trial by jury on all issues raised herein.

## **PRAYER**

9

31.

WHEREFORE, after due proceedings had, Plaintiff, MARC A. DAIL, prays that Defendants, CROSBY TUGS, L.L.C., CROSBY ENTERPRISES, L.L.C., and TALA MARINE, L.L.C., be cited to appear and answer herein in a form and manner prescribed by law, and after jury trial of the merits of this cause, Plaintiff have judgment against Defendants, CROSBY TUGS, L.L.C., CROSBY ENTERPRISES, L.L.C., and TALA MARINE, L.L.C., jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interest at the maximum legal rates, all costs of Court, and all such other and further relief, be it general or special, at law or in equity, to which Plaintiff must show himself justly entitled.

Respectfully submitted,

SCHECHTER, SHAFFER & HARRIS, LLP

    */S/ Laura B. De La Cruz*
LAURA B. DE LA CRUZ
Louisiana Bar No. 37966
Texas Bar Number: 24095300
MATTHEW D. SHAFFER*
Texas Bar No. 18085600
3200 Travis St., 3rd Floor
Houston, Texas 77006
Tel: (713) 524-3500
Facsimile: (866) 696-5610
Ldelacruz@smslegal.com
Mshaffer@smslegal.com
*Attorney will be seeking admission pro hac vice*

-AND-

Bobby J. Delise
Louisiana Bar No. 4847
Jeannette M. Delise
Louisiana Bar No. 38187
DELISE & HALL
5190 Canal Blvd., Suite 103
New Orleans, Louisiana 70124
Telephone: (504) 836-8000
Telecopier: (504) 836-8020
bjdelise@gmail.com
jdeliselaw@gmail.com

-AND-

Alton Jerold Hall, Jr.
Louisiana Bar No. 20846
DELISE & HALL
528 W. 21st Ave.
Covington, LA 70433
Telephone: (985) 249-5915
ahall@dahlaw.com

**Counsel for Plaintiff,
MARC A. DAIL**

**PLEASE SERVE:**

**CROSBY TUGS, L.L.C.**
Through its registered agent:
Kurt J. Crosby
17771 Highway 3235
Galliano, LA 70345

**CROSBY ENTERPRISES, L.L.C.**
Through its registered agent:
Kurt J. Crosby
17771 Highway 3235
Galliano, LA 70354

**TALA MARINE, L.L.C.**
Through its registered agent:
Kurt J. Crosby
17771 Highway 3235
Galliano, LA 70354